IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS APPRENTICESHIP &
TRAINING FUND, GARY BURNS,
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,
INTERNATIONAL MASONRY INSTITUTE,
BRICKLAYERS & ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,
WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP & TRAINING FUND,
JOHN J. SCHMITT, WISCONSIN LABORERS-
EMPLOYERS COOPERATION AND EDUCATION
TRUST FUND, WISCONSIN LABORERS DISTRICT
COUNCIL, BUILDING TRADES UNITED PENSION
TRUST FUND, SCOTT J. REDMAN, and
INDUSTRY ADVANCEMENT
PROGRAM/CONTRACT ADMINISTRATION,

ORDER

17-cv-28-jdp

                     Plaintiffs,

   v.

SID'S SEALANTS, LLC, and SIDNEY N. ARTHUR,

                     Defendant.

---

Plaintiffs filed this ERISA and LMRA action for unpaid contributions against defendants Sid's Sealants, LLC, and Sidney N. Arthur on January 12, 2017. Dkt. 1. Defendants answered on February 7, 2017. Dkt. 5. Defendants' responsive pleading contains their answer, affirmative defenses, demand for an accounting, counterclaims, and a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

Defendants' combined responsive pleading is not inconsistent with the Federal Rules of Civil Procedure, but combining the answer with a motion to dismiss makes it harder to manage the docket. Accordingly, the court's quality control team sent defense counsel an email, explaining that motions to dismiss "must be filed using the docketing event that is titled Motion to Dismiss," which will establish a pending motion on the docket and prompt a briefing schedule. Almost three weeks have passed since the quality control team sent the email, and defense counsel has not amended or supplemented its filing, or responded to the email at all. So the docket does not show a pending motion, and plaintiffs have, understandably, not responded to the motion. Ordinarily, I would order defendants to file their motion as a separate docket entry, so that plaintiffs would know to respond to it. But I have reviewed the motion, and I will deny it summarily.

Defendants dispute plaintiffs' allegation that the Bricklayers Union plaintiffs entered into a collective bargaining agreement with Sid's Sealants, LLC: defendants contend that plaintiffs have not provided "any reasonable factual basis establishing within the context of the complaint the existence of an actual collective bargaining agreement." Dkt. 5, ¶ 71. But plaintiffs *have* pleaded the existence of a collective bargaining agreement; defendants have not identified a "pleading" problem. Rather, defendants attempt to *rebut* the allegation by adducing facts outside of the complaint. *See id.* ¶ 72 ("The Bricklayers Union Plaintiffs knew that the Defendant Sid Arthur personally changed his sole proprietorship business to a limited liability company in 2005 and at no time did the Bricklayers Union Plaintiffs and Sid's Sealants LLC enter into or execute any form of collective bargaining agreement."). This type of argument does not provide a basis to dismiss a complaint under Rule 12(b)(6); it is

more appropriately raised in a motion for summary judgment, which gives both sides the opportunity to develop a factual record.

ORDER

IT IS ORDERED that defendants Sid's Sealants, LLC, and Sidney N. Arthur's motion to dismiss, Dkt. 5, is DENIED.

Entered February 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge