IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS APPRENTICESHIP &
TRAINING FUND, GARY BURNS (in his capacity as
Trustee),BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,
INTERNATIONAL MASONRY INSTITUTE,
BRICKLAYERS & ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,
WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP & TRAINING FUND, and JOHN
J. SCHMITT(in his capacity as Trustee), WISCONSIN
LABORERS-EMPLOYERS COOPERATION AND
EDUCATION TRUST FUND, WISCONSIN
LABORERS DISTRICT COUNCIL, BUILDING
TRADES UNITED PENSION TRUST FUND and
SCOTT J. REDMAN (in his capacity as Trustee),
INDUSTRY ADVANCEMENT
PROGRAM/CONTRACT ADMINISTRATION,

OPINION & ORDER

17-cv-28-jdp

Plaintiffs,
v.

SID'S SEALANTS, LLC and SIDNEY N. ARTHUR,

Defendants.

---

Plaintiffs in this case are representatives of defendant Sid's Sealants, LLC's employees, alleging that Sid's and defendant Sidney Arthur failed to make required contributions to the employees' trust funds, in violation of the Employee Retirement Income Security Act, the Labor Management Relations Act, and state law. Now plaintiffs are seeking leave to expand the scope of their complaint to include claims that defendants failed to make required contributions related to: (1) a second weekly paycheck the employees received when they worked more than 40 hours; and (2) hours worked for defendants by employees of a company

called North Shore Restoration. Dkt. 20. Plaintiffs are also seeking leave to conduct discovery on the new claims. Dkt. 25. For the reasons explained below, the court will grant the first motion and deny the second motion as moot.

ANALYSIS

The parties debate whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure governs plaintiffs' motion for leave to amend their complaint. The answer to the debate is provided in the preliminary pretrial conference order: "Amendments to the pleadings may be filed and served without leave of court through the date set forth above [May 19, 2017]. After that, Federal Rule of Civil Procedure 15 applies, and the later a party seeks leave of the court to amend, the less likely it is that justice will require the amendment." Dkt. 12, at 1. *See also Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co.*, No. 16-cv-644, 2017 WL 3499350, at *1 (W.D. Wis. Apr. 17, 2017) (Rule 15 governs motion for leave to amend complaint filed after date in preliminary pretrial conference order). Under Rule 15(a)(2), courts must give leave "freely" to parties to amend their pleadings, "when justice so requires," but parties are not entitled to such leave when "there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, unfair prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009).

Defendants do not contend that plaintiffs' proposed amendment is futile or that it was brought in bad faith. Their primary contention is that there was undue delay. On that point, the court agrees; plaintiffs have not made a persuasive showing that they were unable to bring their new claims much earlier. Plaintiffs filed their motion on September 12, 2017, eight months after they filed their lawsuit, and more than six months after the preliminary pretrial

conference. Plaintiffs say that they did not have the information they needed to bring the new claims until August 2017, but the new information comes primarily from the declaration of Eric Holmes, a Sid's employee who is represented by the same counsel as the plaintiffs in this case and is suing the same defendants in another case for failing to pay him overtime. *Holmes v. Sid's Sealants, LLC*, 16-cv-821-wmc (W.D. Wis.). Counsel for plaintiffs do not even try to explain why they were unable to speak with Holmes about these issues sooner.

But undue delay on its own is generally not a sufficient ground for denying a motion for leave to amend; there must be unfair prejudice as well. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). This is where defendants' objection falls flat. Defendants allege only in the most general terms that allowing plaintiffs to amend their complaint would "creat[e] additional and substantial litigation costs." Dkt. 22, at 8. Defendants neither provide details nor explain why their costs would be greater now than if plaintiffs had amended their complaint earlier, which are the only type of costs that matter. This is because the question is not simply whether allowing plaintiffs to expand their claims will prejudice defendants; that is likely to occur any time a plaintiff amends her complaint to add more claims. The question is whether defendants will be *unfairly* prejudiced, or, in other words, whether defendants will bear additional costs and burdens or somehow be disadvantaged in a way they would not have been had the plaintiffs amended their complaint earlier. Because defendants do not identify any way they have been harmed by plaintiffs' delay, this counsels in favor of granting plaintiffs' motion.

The court's one concern is that the deadline for filing dispositive motions is December 15, 2017, little more than a month away. But defendants do not dispute plaintiffs' representation in their motion that defendants should already have all the relevant documents related to these claims, so they should not need to do discovery in order to move for summary

judgment on the claims. And because the new claims are closely related to the old ones, the new claims should not take the case in any significant new directions. If that turns out to be incorrect or defendants otherwise believe that they need more time to prepare in light of the new claims, defendants may seek to adjust the deadline (sooner rather than later), explaining in as much detail as they can what they need and why they need it.

Plaintiffs acknowledge that they will need discovery, which is why they filed their motion to conduct discovery on the claims even before the court could rule on their motion for leave to file an amended complaint. It is likely that plaintiffs will not have sufficient time to obtain discovery and seek summary judgment on the new claims. That is the price that plaintiffs pay for waiting as long as they did to seek an amendment, but it is not a reason for denying the amendment altogether.

Accordingly, the court will grant plaintiffs' motion for leave to amend. That decision moots plaintiffs' request to conduct discovery because the parties do not need the court's permission to conduct discovery on a pending claim.

ORDER

IT IS ORDERED that plaintiffs' motions for leave to amend their complaint, Dkt. 20, is GRANTED and their motion for leave to conduct discovery on their new claims, Dkt. 25, is DENIED as moot.

Entered November 13, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge